61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES,
PAINTERS LOCAL UNION NO. 1115, AFL-CIO, Respondent.
 
 1
 No. 94-70051.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted July 12, 1995.*
Decided July 17, 1995.
 
 3
 On Application for Enforcement of an Order of the National Labor Relations Board, NLRB No. 32-CB-3829.
 
 312 NLRB No. 154
 
 4
 ORDER ENFORCED.
 
 
 5
 Before: CHOY, CANBY and FERNANDEZ, Circuit Judges
 
 
 6
 MEMORANDUM**
 
 I.
 
 7
 The International Brotherhood of Painters and Allied Trades, Local Union No. 1115 ("Union"), opposes an application for enforcement of a National Labor Relations Board (Board) order finding that the Union violated Section 8(b)(1)(a) and (2) of the National Labor Relations Act (NLRA). We enforce the Board's order in full.
 
 II.
 
 8
 The parties are aware of the relevant facts and we will not repeat them here. We must accept the Board's findings of fact if supported by substantial evidence in the record considered as a whole. 29 U.S.C. Sec. 160(e).
 
 
 9
 The Union first argues that the Board and the Administrative Law Judge (ALJ) erred in finding that the Union violated the rules for referrals set out in its collective bargaining agreement with C & O Painting. The Union contends that the record supports the facts that (1) James Severn believed that Paul Rood had made a commitment to request him, and that, (2) in any event, Severn related this request to George Juelch. Thus, the Union argues, Juelch and the Union did not violate the agreement's referral rules in referring Severn to the job, but merely honored the usual and permitted practices of "hustling" and self-dispatch.
 
 
 10
 The Union's argument ignores the ALJ's explicit rejection of the Union's evidence that Severn believed Rood made a commitment to hire him, as well as the ALJ's rejection of Severn's and Juelch's testimony that Severn told Juelch that Rood had said he would request Juelch. The Union does not offer a reason for rejecting the ALJ's finding that Rood told the truth when he said that he never requested Severn, nor does it give reasons for rejecting the ALJ's finding discrediting the testimony of Severn and Juelch that Severn informed Juelch that Rood had requested Severn. Because the Board's findings are supported by substantial evidence, we uphold them.
 
 III.
 
 11
 The Union also argues that the ALJ and Board erred in refusing to defer to the grievance procedure provided by the collective bargaining agreement. In declining to defer, the ALJ noted that the charges were filed by an individual, the interests of the individual were adverse to those of the Union, and the employer was not a party to the Board proceeding. The board adopted this finding.
 
 
 12
 The Union argues that while the Board has traditionally refused to defer to arbitration procedures in similar situations, this case is distinguishable because the contractual grievance procedure ultimately provides for the Union member to present his or her case to a neutral arbitrator.
 
 
 13
 The Board has authority under section 10(a) of the NLRA, 29 U.S.C. Sec. 160(a), to adjudicate charges of unfair labor practices. The Board has broad discretion to decline to defer to arbitration proceedings for resolutions of disputes in the interest of preventing unfair labor practices. Garcia v. N.L.R.B., 785 F.2d 807, 809 (9th Cir. 1986). We review the Board's decision not to defer for action under the collective bargaining agreement grievance procedure to determine whether the Board abused its discretion by clearly departing from its own standards for deferral or using invalid standards. N.L.R.B. v. International Bhd. of Elec. Workers, Local 11, AFL-CIO, 772 F.2d 571, 575 (9th Cir. 1985).
 
 
 14
 As the Board points out, we have upheld the Board's decision not to defer to contractual grievance procedures where there is a conflict of interest between the Union and the Union member, even if the grievance procedure allows for participation by an impartial umpire. N.L.R.B. v. Iron Workers Union, Local 433, 767 F.2d 1438, 1443 (9th Cir. 1985). In this case, the Board affirmed the ALJ's finding that deferral was inappropriate because, among other things, there was a conflict of interest between Hernandez and the Union. The Board not only acted pursuant to its usual standards, but it also had an interest in adjudicating what was clearly a potential unfair labor practice. Thus the Board acted well within its discretion in declining to defer for action under the collective bargaining agreement's grievance procedure.
 
 
 15
 The Union does not challenge the portion of the Board's order holding that the Union violated section 8(b)(1)(A) of the Act by disciplining Hernandez for filing an unfair labor practice charge. We therefore enforce the Board's entire order.
 
 
 16
 ORDER ENFORCED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3